FILED
JUL 30 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Matthew Irvin, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-1594 (UNA) |
| U.S. Department of Justice *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). In addition, a "complaint must contain sufficient factual matter,

1

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff, a resident of Washington, D.C., sues President Donald Trump, the Department of Justice, the Central Intelligence Agency (CIA), the Federal Bureau of Investigation (FBI), and several individuals. *See* Compl. Caption. He seeks monetary relief "totaling" $600 million. Compl. at 18. Although a notation on the first page of the handwritten complaint mentions the Freedom of Information Act (FOIA) and the Privacy Act, plaintiff does not allege that he submitted a request of any kind to an agency, let alone one that resulted in the denial of records under the FOIA or a right under the Privacy Act. Rather, plaintiff begins by alleging that his "life [is] in Great Danger because of issues of radioactive lethal chemicals, nano-particles, radiological device such as modified microwave oven laser weapon, nom-nuclear electromagnetic pulse [illegible], infrasound, isotropic radiactors [sic], implanted with GSP chips by CIA and FBI defendants." Compl. at 3 (parenthesis omitted). The allegations continue in that largely incomprehensible manner, describing scenarios courts have rejected as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). So, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 27, 2018

United States District Judge